UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

ERIC EHMANN,

    Plaintiff, *pro se*

V.

NICHOLAS METROPULOS,
dba Home of The Hodag Wear,
dba Metro Screenprinting and Embroidery,

    Defendant.

JURY TRIAL DEMANDED

**19 CV 586 BBC**



## COMPLAINT

### I. INTRODUCTION

1. This is an action to recover damages resultant of willful infringing activity of Defendant, and to restrain Defendant from engaging in unlawful infringing activity in the future.
2. This action alleges violations of Title 17 U.S. Code § 501.
3. This complaint alleges that Defendant violated and continues to violate 17 U.S.C. § 501 by willfully creating and selling merchandise bearing identical reproductions of Plaintiff's registered two-dimensional art works, without license or permission, in violation of Plaintiff's rights as set forth in 17 U.S.C. §§ 106 – 122, inclusive.
4. Unless held to account by this Court, Defendant is likely to continue his unlawful conduct in the future.

### II. JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this Complaint alleges violations of 17 U.S.C. § 501 and is brought pursuant to 17 U.S.C. §§ 502 – 505, inclusive.

6. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in and has a principle place of business in this District, and because the events giving rise to the claims in this Complaint occurred predominantly in this District, specifically, in Oneida County, Wisconsin.

### III. PARTIES

7. Plaintiff, ERIC EHMANN, ("Mr. Ehmann"), is an adult resident of Appleton, Wisconsin.
8. Defendant, NICHOLAS METROPULOS, dba Home of The Hodag Wear, ("Mr. Metropulos"), is an adult resident of Rhinelander, Wisconsin, whose principal place of business is located at 510 Lincoln Street, Rhinelander, Wisconsin, 54501.
9. At all relevant times and beginning not later than 2006, Mr. Metropulos has engaged in the business of producing screen-printed and embroidered apparel and various related accoutrements, which he sells at retail both online via his website and in his physical retail store located at the above Rhinelander address, and has individually engaged in the unlawful infringing activity alleged herein.
10. On information and belief, Mr. Metropulos does business as a sole proprietorship and has no registered agent for service of process.
11. Mr. Metropulos is registered with the State of Wisconsin Department of Financial Institutions as a sole proprietorship with the trademark and/or tradename of "Home of the Hodag Wear," and as such owns and operates his business both online and at the physical location referenced above under the name of "Metro Screenprinting and Embroidery".

### IV. FACTS

12. Mr. Ehmann is married to Tracy Ehmann, née Goberville, an accomplished artist who has created a number of original artistic designs of the Hodag, the mascot of their hometown of Rhinelander, Wisconsin. They have lived in Appleton, Wisconsin, since June of 2011.
13. Ms. Ehmann has registered the copyrights for her designs, including the copyright for the original designs at issue in this Complaint, entitled "Hodag Logos", which were created on May 9, 2006, and registered on May 22, 2006, as reflected by the United States Copyright Office registration document which bears the Registration Number VA – 1 – 370 – 235.
14. Mr. Ehmann has owned the Hodag Logos since about 2009.

15. At all relevant times Mr. Metropulos has been aware that Ms. Ehmann had registered the copyrights for all of her designs, including the Hodag Logos.
16. At no time has anyone, including Mr. Metropulos, ever been granted permission or license to use the Hodag Logos.
17. On June 18, 2019, Mr. Ehmann was visiting Rhinelander when he went to Mr. Metropulos' retail store in order to purchase some Rhinelander-themed sweatshirts. Upon entering the store Mr. Ehmann discovered a significant inventory of apparel for sale which featured identical reproductions of the Hodag Logos, which had been screen-printed or otherwise reproduced on each article ("Infringing Merchandise").
18. Mr. Ehmann returned home and asked Ms. Ehmann if she had given permission to Mr. Metropulos to use the designs, and she confirmed that she had not.
19. As of June 18, 2019, Mr. Metropulos had been advertising the Infringing Merchandise for sale online, at his website and on social media websites, in videos and pictures displaying the Infringing Merchandise which was described therein as "Official" Hodag merchandise.
20. On June 26, 2019, Mr. Metropulis was served with a cease-and-desist letter demanding, among other things, the delivery of all Infringing Merchandise to Mr. Ehmann within seven days.
21. On or about June 29, 2019, Mr. Metropulos telephoned Mr. Ehmann and informed him that he would "burn" the Infringing Merchandise before turning it over, but that he would sell it to Mr. Ehmann at a "discount". Mr. Ehmann declined to purchase it.
22. As of the date of this filing, Mr. Metropulos has not turned over the Infringing Merchandise to Mr. Ehmann.
23. On information and belief, Mr. Metropulos has continued advertising and selling Infringing Merchandise.

## V.   COUNT ONE

24. Plaintiff reasserts and incorporates by reference the allegations and facts set forth above as if fully set forth herein.
25. Mr. Metropulos' actions as set forth herein constitute violations of 17 U.S. Code § 501.
26. At all relevant times, Mr. Metropulos has not acted in good faith nor with reason to believe his infringing activity has been anything but willful and done in blatant disregard for the law.

27. By engaging in willful infringing activity in violation of Mr. Ehmann's rights, Mr. Metropulos has caused economic injury to Mr. Ehmann and, as a result, Mr. Ehmann has suffered undue harm.

## VI. CLAIM FOR RELIEF

WHEREAS, Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein and reasserts that Defendants' conduct as described in this Complaint is in clear violation of 17 U.S.C. § 501, Plaintiff requests that this Court grant the following relief pursuant to 17 U.S.C. §§ 502 – 505, inclusive, as follows:

1. A preliminary injunction during the pendency of this action and a permanent injunction thereafter enjoining and restraining Defendant, his agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, owner(s), parent corporation(s), and any and all others in active concert or participation with any of them from copying, selling, distributing, publicly displaying, or otherwise making any use of the Infringing Merchandise or the Hodag Logos;
2. An award of monetary damages sufficient to compensate Plaintiff for the injuries suffered as a result of Defendant's willfully infringing activities;
3. An award to Plaintiff of Defendant's profits and unjust enrichment realized from his infringing activities;
4. An award to Plaintiff of his costs and any reasonable attorney fees expended or incurred in this action; and
5. An award of such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all triable issues.

Respectfully submitted this 17th Day of July 2019

*[signature]*

Eric Ehmann
PO Box 2366
Appleton, WI 54912
(920) 277-6757
etehmann@gmail.com