IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC and TRACY EHMANN,

        Plaintiffs,

    v.

NICHOLAS METROPULOS, d/b/a Home of The
Hodag Wear, d/b/a Metro Screenprinting and
Embroidery,

        Defendant.

OPINION AND ORDER

19-cv-586-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiffs Eric and Tracy Ehmann filed this lawsuit against defendant Nicholas Metropulos for monetary and injunctive relief under 17 U.S.C. §§ 501-505, alleging that defendant violated federal copyright law by using their registered art work (the "Hodag" logo) on merchandise that defendant sold online and in his store. Before the court is defendant's motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss either plaintiff Tracy Ehmann or plaintiff Eric Ehmann for lack of standing. Dkt. #12. (Defendant previously filed a motion to dismiss plaintiff Eric Ehmann's original complaint, dkt. #5, but that motion became moot when plaintiff filed an amended complaint in which his wife was added as a plaintiff.) For the reasons below, I am denying defendant's motion to dismiss in its entirety.

      In resolving a motion to dismiss, the court must take all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of plaintiffs. <u>Reger Development, LLC v. National City Bank</u>, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiffs allege the following facts in their amended complaint.

1

ALLEGATIONS OF FACT

Plaintiffs Eric Ehmann and Tracy Ehmann (formerly Tracy Goberville) are residents of Appleton, Wisconsin and have been married since 2008. Defendant Nicholas Metropulos resides in Rhinelander, Wisconsin. Since 2006, defendant has produced screen-printed and embroidered apparel and other items that he sells through his businesses, Home of The Hodag Wear and Metro Screenprinting & Embroidery.

Tracy Ehmann created a number of original artistic designs of the "Hodag," the mascot of Rhinelander. She created the "Hodag Logos" on May 9, 2006, and registered them on May 22, 2006 (registration no. VA-1-370-235). Sometime thereafter, Tracy and Eric Ehmann entered into business together as the "Hodag Gallery" and Tracy Ehmann conveyed all of her ownership and copyright interests in the Hodag Logos to Eric Ehmann. From 2009 to 2011, plaintiffs produced, advertised and sold apparel and other merchandise bearing the Hodag Logos and other Hodag designs through a website and direct mail. However, most of plaintiffs' business records and the written documents related to the transfer of ownership of the Hodag Logos were destroyed in a flood that occurred in the basement of plaintiffs' home in June 2010. Plaintiffs moved to Appleton, Wisconsin in July 2011.

On June 18, 2019, Eric Ehmann visited defendant's retail store in Rhinelander and observed apparel for sale with images of the Hodag Logos. Defendant also advertises his allegedly infringing merchandise online. Plaintiffs sent defendant a cease and desist letter on June 26, 2019, but defendant refused to comply.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's legal sufficiency. A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In this case, plaintiffs allege that defendant has infringed their registered copyright. In order to establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991). See also Mid America Title Co. v. Kirk, 991 F.2d 417, 421 (7th Cir.1993) (citing 5 Charles A. Wright & Arthur A. Miller, Federal Practice and Procedure, § 1237, at 283 (1990) (copyright infringement allegations sufficient to state claim when plaintiff alleges present copyright ownership by plaintiff, registration in compliance with applicable statute and infringement by defendant.). A "copyright owner" is someone who owns one of the exclusive rights comprised in a copyright, 17 U.S.C. § 101, including the right to copy, record, adapt and publish. 17 U.S.C. § 106. Copyright ownership "vests initially in the author or authors

of the work," 17 U.S.C. § 201(a), which in this case was Tracy Ehmann, but ownership may be transferred "by any means of conveyance or by operation of law." 17 U.S.C. § 201(d)(1).

Plaintiffs allege that Tracy Ehmann created the Hodag Logos in 2006 and later transferred all of her ownership in the registered copyright to Eric Ehmann. Defendant argues that because Tracy Ehmann is no longer the owner of the contested copyright, she does not have standing to sue him for copyright infringement. In addition, defendant points out that because plaintiffs allege that all written documents related to the transfer of ownership were destroyed in a flood in 2010, Eric Ehmann cannot prove that he is the owner of the copyright because "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed." 17 U.S.C. § 204(a).

Although defendant is correct that § 204(a) requires that transfers be in writing, it is still possible, even without the written agreement itself, that plaintiffs can prove that a written transfer instrument existed. Brainstorm Interactive, Inc. v. School Specialty, Inc., 2014 WL 6893881, at *2, 9-10 (W.D. Wis. Dec. 5, 2014) (finding that even though written transfer agreements no longer existed, plaintiff had presented sufficient evidence—including affidavits and deposition testimony— to create genuine issue of fact as to existence of written agreement). There also is no requirement that the writing be signed before or at the time of the transfer of rights. Big Daddy Games, LLC v. Reel Spin Studios, LLC, 2013 WL 12233949, at *10 (W.D. Wis. Apr. 10, 2013) (citing Billy Bob Teeth, Inc. v. Novelty, Inc.,

4

329 F.3d 586, 591 (7th Cir. 2003) ("oral assignment may be confirmed later in writing")).

In addition, as this court noted in Big Daddy Games,

> The reason copyright transfers must be in writing is to protect copyright holders and to resolve disputes between copyright owners and transferees about the status of the copyright. Billy Bob Teeth, 329 F.3d at 592. Where there is no such dispute, an accused third-party infringer cannot challenge the evidence of transfer in an effort to avoid suit. Id. (holding that accused infringer "did not have standing" to argue that "there was no reliable evidence of a prior agreement which could be memorialized" by later created document).

Id. at 11.

In sum, because it is possible that Eric Ehmann can prove that he is the owner of the copyright for the Hodag Logos, defendant's motion to dismiss him as a plaintiff will be denied. As defendant points out, the allegations in plaintiffs' amended complaint suggest that Tracy Ehmann has no remaining ownership interest in the copyright, and therefore no standing to bring suit for its infringement. However, in the event that Eric Ehmann cannot prove that a valid transfer of the copyright took place, copyright ownership would vest with Tracy Ehmann as the alleged original author of the logos. Therefore, I am denying defendant's motion to dismiss Tracy Ehmann as a plaintiff at this time.

ORDER

IT IS ORDERED that defendant Nicholas Metropulos's motion to dismiss plaintiffs' amended complaint, dkt. #12, is DENIED.

Entered this 19th day of November, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge