IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC and TRACY EHMANN,

                Plaintiffs,

v.

NICHOLAS METROPULOS, d/b/a Home of The
Hodag Wear, d/b/a Metro Screenprinting and
Embroidery,

                Defendant.

OPINION AND ORDER

19-cv-586-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiffs Eric and Tracy Ehmann filed this lawsuit against defendant Nicholas Metropulos for monetary and injunctive relief under 17 U.S.C. §§ 501-505, alleging that defendant violated federal copyright law by using their registered art work (the "Hodag" logo) on merchandise that defendant sold online and in his store. Before the court are two discovery-related motions filed by the parties: (1) plaintiffs' motion that defendant only be allowed to depose Tracy Ehmann in writing, dkt. #26; and (2) defendant's motion to compel the deposition of Tracy Ehmann outside the presence of Eric Ehmann and request for monetary sanctions, dkt. #33. (Although plaintiffs also have filed an early motion for summary judgment, that motion will be addressed in a separate order.) For the reasons below, I am denying plaintiffs' motion for a written deposition, granting defendant's motion to compel Tracy Ehmann's deposition outside Eric Ehmann's presence and declining to award monetary sanctions.

1

OPINION

Plaintiffs have filed a motion requesting that any further deposition testimony of Tracy Ehmann be taken in writing. Under Rule 30(d)(3)(A) of the Federal Rules of Civil Procedure, "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Rule 30(d)(3)(B) allows a court to limit the scope or manner of the deposition as provided in Rule 26(c). In an unsworn declaration accompanying plaintiffs' motion, Tracy Ehmann states that during her January 13, 2020 deposition, which her husband Eric Ehmann attended, defense counsel harassed them by asking argumentative questions and making humiliating and embarrassing comments, such as implying that she has a history of substance abuse, belittling her work as an artist and objecting to her husband's presence at the deposition on the ground that he was inappropriately acting as her attorney. However, plaintiffs have not pointed to any specific examples of this conduct or cited relevant portions of her deposition transcript for the court to review. In fact, a review of the partial deposition transcript provided by defendant does not support plaintiff's allegations of harassment. Dkt. #35-2.

For his part, defendant admits that as a co-plaintiff, Eric Ehmann was allowed to sit in on his wife's deposition. However, defendant contends that Mr. Ehmann became disruptive and unruly, refusing to heed repeated warnings that his objections were baseless or inappropriately intended to coach his wife's testimony. The deposition transcript reveals that Mr. Ehmann began objecting to several questions on the grounds that the questions had

2

been asked and answered, called for speculation or were overly broad.  Dkt. #35-2.  At several points, defense counsel had to instruct Mr. Ehmann on proper objections, which caused Mr. Ehmann to argue with defense counsel and disrupted the flow of the deposition.  E.g., id. at 8-9, 18, 25-26.  At another point, Mr. Ehmann instructed Ms. Ehmann not to talk over defense counsel.  Id. at 18.  Eventually, defense counsel ended the deposition, estimating he had another hour to hour and a half of questioning.

After reviewing all of the submissions filed by the parties, I find no basis or reason for limiting the remainder of Tracy Ehmann's deposition to written questions.  Rather, the record shows that the deposition ended because of continued disruptions caused by Eric Ehmann.  Therefore, pursuant to Rule 26(b) and (c), I am granting defendant's request to retake Tracy Ehmann's deposition outside the presence of Eric Ehmann, who shall not communicate with Tracy Ehmann during the deposition, including during questioning or breaks.  Eric Ehmann shall be allowed to monitor the deposition via a one-way video and audio feed to a separate room, if he chooses to do so.  If Mr. Ehmann does choose to listen to or watch the deposition remotely, it will be plaintiffs' responsibility to make the arrangements for doing so and to pay any and all costs incurred.

I decline to award sanctions at this point.  However, if Mr. Ehmann disrupts the deposition process again, he will be subject to sanctions under Rule 37(b), which could include dismissal of the entire case with prejudice.  Plaintiffs will not receive another warning.

ORDER

IT IS ORDERED that

1. The motion to limit deposition testimony filed by plaintiffs Eric and Tracy Ehmann, dkt. #26, is DENIED.

2. Defendant Nicholas Metropulos's motion to compel the deposition of Tracy Ehmann outside the presence of Eric Ehmann, dkt. #33, is GRANTED in part and DENIED in part. The motion is GRANTED to the extent that defendant may retake the deposition of Tracy Ehmann outside the presence of Eric Ehmann, who shall not communicate with Tracy Ehmann during the deposition. Eric Ehmann shall be allowed to monitor the deposition via a one-way video and audio feed to a separate room, but it will be plaintiffs' responsibility to make the arrangements for doing so and to pay any and all costs incurred. The motion is DENIED in all other respects.

Entered this 13th day of April, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge