IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC and TRACY EHMANN,

Plaintiff,

OPINION AND ORDER

19-cv-586-bbc

v.

NICHOLAS METROPULOS, d/b/a Home of The Hodag Wear, d/b/a Metro Screenprinting and Embroidery,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiffs Eric and Tracy Ehmann filed this lawsuit against defendant Nicholas Metropulos for monetary and injunctive relief under 17 U.S.C. §§ 501-505, alleging that defendant violated federal copyright law by using their registered art work (the "Hodag" logo) on merchandise that defendant sold online and in his store. Before the court is plaintiffs' early-filed motion for summary judgment. Dkt. #28.

For the reasons set out below, I conclude that the motion cannot be granted. There remain genuine issues of material fact as to the key elements of plaintiffs' claim.

From plaintiffs' proposed findings of fact, I find the following facts to be undisputed except as otherwise noted.

## UNDISPUTED FACTS

Plaintiffs Eric and Tracy Ehmann reside in Appleton, Wisconsin. Defendant Nicholas Metropulos resides in Rhinelander, Wisconsin, where he owns a store (Metro Screenprinting and Embroidery) that screen prints, embroiders and sells various types of clothing.

Tracy Ehmann (formerly Tracy Goberville) is the sole author of the two-dimensional original artwork entitled "HODAG Logos," which she created and registered with the United States Copyright Office (Registration Number VA-1-370-235) in May 2006. Plaintiffs have sold various merchandise depicting original artwork deigns created by Tracy Ehmann. (The parties dispute whether anyone besides Tracy Ehmann has ever held a license or other interest in the copyright. Defendant contends that Tracy Ehmann (then Tracy Goberville) provided express permission to Metro Screenprinting and Embroidery to use the logos and merchandise she returned that bore the logos as part of her effort to satisfy her outstanding bill.)

At some point in 2018, defendant produced, advertised and sold merchandise with the Hodag logos. Beginning in 2019, defendant's website described merchandise bearing the Hodag logos as defendant's "official" merchandise. On June 18, 2019, Eric Ehmann purchased merchandise with the Hodag logos at defendant's store in Rhinelander, Wisconsin. On June 26, 2019, Eric Ehmann served defendant with a cease-and-desist letter, stating that he "owned and retained the exclusive right to" the Hodag art designs and demanding that defendant stop producing, advertising, selling or otherwise using those designs. Dkt. #31-10. Defendant did not comply with the terms of Eric Ehmann's letter. (The parties dispute whether plaintiffs provided notice of the copyright in the Hodag logos to defendant before June 2019.)

OPINION

A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party—in this case plaintiffs—can demonstrate with admissible evidence "that there is no genuine issue as to any material fact and [he] is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "material fact" is one identified by the substantive law as affecting the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Bunn v. Khoury Enterprises, Inc., 753 F.3d 676, 681 (7th Cir. 2014). A "genuine issue" exists with respect to a material fact when "the evidence is such that a reasonable jury could return a verdict for the non-moving party," or in this case, defendants. Id. "On the other hand, where the factual record taken as a whole could not lead a rational trier of fact to find for defendants, there is nothing for a jury to do." Bunn, 753 F.3d at 682 (citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In determining whether a genuine issue of material fact exists in this case, the court views the record in the light most favorable to defendant. Anderson, 477 U.S. at 255.

B. Copyright Infringement

Plaintiffs contend that defendant used the copyright registered by Tracy Ehmann in the Hodag logos to print and sell merchandise without their license or permission to do so. To prevail on a copyright infringement claim, plaintiffs must prove (1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original. Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1099 (7th Cir. 2018); Janky v. Lake County Convention & Visitors Bureau, 576 F.3d 356, 361 (7th Cir. 2009). A "copyright owner" is someone who owns one of the exclusive rights comprised in a copyright, 17 U.S.C. § 101, including the right to copy, record, adapt and publish. 17 U.S.C. § 106. Copyright ownership "vests initially in the author or authors of the work," 17 U.S.C. § 201(a), which in this case was Tracy Ehmann (Goberville), but ownership may be transferred "by any means of conveyance or by operation of law." 17 U.S.C. § 201(d)(1). Although a transfer of copyright ownership must be made in writing, 17 U.S.C. § 204(a), a nonexclusive license permitting the use of copyrighted work in a particular manner, 17 U.S.C. § 101, may be granted orally or implied from the conduct of the parties. I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996) (quoting Melville B. Nimmer & David Nimmer, 3 Nimmer on Copyright § 10.03[A] at 10-40.1). "[T]he existence of a license, exclusive or nonexclusive, creates an affirmative defense to a claim of copyright infringement." Id. (citing Effects Associates v. Cohen, 908 F.2d 555, 557-58 (9th Cir. 1990)).

Although it is undisputed that Tracy Ehmann (then Goberville) created the logos and registered them in 2006, the parties dispute whether she ever transferred her ownership interest to her husband, who claimed exclusive right to the logos in his 2019 cease and desist letter. As discussed in the previous order denying defendant's motion to dismiss, plaintiffs allege in their complaint that sometime after registering her copyright, Tracy Ehmann conveyed all of her ownership and copyright interests in the Hodag logos to Eric Ehmann

but all of their records related to the transfer were destroyed in a flood in 2010. Plaintiffs did not discuss this transfer in their motion for summary judgment and have not proposed any findings of fact or presented any evidence to support their allegations.

Moreover, in response to plaintiffs' motion for summary judgment, defendant has presented affidavits in which defendant and his wife (Trish Metropulos) aver that in or around 2007, Tracy Ehmann verbally granted defendant and his store permission to reproduce and use her logos on their own merchandise in return for the satisfaction of her unpaid debt with the store. Dkt. ##44 at ¶¶ 6-8 and 48 at ¶¶ 7-8. They also aver that Tracy Ehmann never asked that her logos or master screenprint be returned or told defendant or his wife that she had copyrighted the work. Id. In their reply brief, plaintiffs challenge the credibility of the Metropulos's affidavits and present their own version of the events surrounding Tracy Ehmann's attempts to resolve her past debts, but those issues cannot be resolved in the context of plaintiffs' motion for summary judgment. Williams v. City of Chicago, 733 F.3d 749, 752 (7th Cir. 2013) (district court cannot resolve issues of credibility when deciding motion for summary judgment).

Accordingly, because there is a genuine issue of material fact regarding both the ownership and possible nonexclusive nature of the license of the Hodag logos, I must deny plaintiffs' motion for summary judgment.

ORDER

IT IS ORDERED that the motion for summary judgment filed by plaintiffs Eric and

Tracy Ehmann, dkt. #28, is DENIED.

Entered this 5th day of May, 2020.

BY THE COURT:

/s/
________________________
BARBARA B. CRABB
District Judge